**IN THE SUPERIOR COURT
OF GUAM**

M ELECTRIC CORPORATION,                    )          Civil Case no. CV1423-10
                                           )
                                           )
                       Plaintiff,          )
                                           )
         v.                                )
                                           )
                                           )
PHIL-GETS (GUAM) INTERNATIONAL             )          **DECISION AND ORDER**
TRADING CORPORATION dba J&B                )          re: Summary Judgment
MODERN TECH, and CHUNG KO                  )
INSURANCE COMPANY, LTD.,                   )
                                           )
                                           )
                       Defendants.         )
_____    )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on September 28, 2011. The Plaintiff was represented by Attorney Thomas M. Tarpley, Jr. The Defendants were represented by Attorney Seth Forman. After considering the matters presented, the court now issues the following decision and order granting Defendants' motion for summary judgment.

## BACKGROUND

This matter arises out of a contractual dispute between the parties regarding underground power line conversion projects. Defendant J&B was the primary contractor for Guam Power Authority ("GPA") projects. Plaintiff was a subcontractor to J&B under two subcontracts[1] to work on the 34.5 KV Overhead Project for GPA covering the areas of Macheche to GIAA and Macheche-Harmon to San Vitores. The subcontracts were to provide for labor, equipment and materials to excavate, install underground pipes and to restore excavated areas and roads.

The subcontracts were executed following a written proposal from Plaintiff which was

---

[1]The first contract was dated March 24, 2008. The second contract was dated April 16, 2008.

accepted and approved by J&B. A dispute arose between the parties because the subcontracts contained a provision that states, "[s]ubcontractor shall procure all permits necessary for carrying on the work." Plaintiff maintains that this clause was inserted by mutual mistake of the parties because the written proposal excluded such duties upon the subcontractor. Plaintiff also argues that subsurface conditions encountered during the course of the project differed materially from those represented to them, which resulted in major changes being made to the location and scope of Plaintiff's work. As a result, Plaintiff requests that the court reform the subcontracts to the reflect the true agreement between the parties regarding the responsibility for obtaining building permits and allow an equitable adjustment to the subcontract sum despite the "no standby costs for delay" clause in the subcontracts.[2]

On June 9, 2011, Defendants filed a motion for summary judgment. They argue (1) the subcontracts provide in plain and unambiguous language that it was the responsibility of the subcontractor to obtain permits; and (2) the provisions in both the subcontracts and the prime contracts concerning delay costs are clear and unambiguous. On June 23, 2011, Plaintiff filed its opposition to Defendants' motion for summary judgment. Plaintiff argues that (1) the subcontracts were merely formalities rather than true agreements reached between the parties; (2) there was no consideration to support the subcontract provisions upon which the Defendants rely; (3) the "no damage for delay" clauses are not favored because they impose a forfeiture of a remedy; (4) the no additional excavation costs provision in the general notes do not apply to Plaintiff; (5) and J&B ordered a change in work sequence for which Plaintiff is entitled to overtime.

## DISCUSSION

Summary judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, if any show the there is no genuine issue as to any

---

[2]See Complaint.

material fact and that the moving party is entitled to judgment as a mater of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International (Guam), Inc.*, 1997 Guam 10, ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett* 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, the Court must draw inferences and view the evidence in a light most favorable to the nonmoving party. *Bank of Guam v. Flores*, 2004 Guam 25, ¶7. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27, ¶7. Consequently, the court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27, ¶7; *Iizuda*, 1997 Guam 10, ¶8; *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3, ¶8. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, at ¶7; *Guam Top*, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* at 322-323 (1986)(internal citations omitted).

**Declaratory Relief Concerning Permits**

As to the claim for declaratory relief concerning the permits, Plaintiff's complaint states, a dispute arose between the parties because the subcontracts contained a provision that states, "[s]ubcontractor shall procure all permits necessary for carrying on the work." Plaintiff maintains that this clause was inserted by mutual mistake of the parties because the written proposal excluded such duties upon the subcontractor. On the other hand, the Defendants argue the subcontracts provide in plain and unambiguous language that it was the responsibility of the subcontractor to obtain permits, which precludes declaratory relief as a matter of law.

A party seeking to state a claim for reformation of a contract under the doctrine of mutual mistake must allege four elements: (1) the parties to the contract were mistaken in their belief regarding a fact; (2) that mistaken belief constituted a basic assumption underlying the contract; (3) the mistake had a material effect on the bargain; and (4) the contract did not put the risk of the mistake on the party seeking reformation. *Atlas Corp. v. United States*, 895 F.2d 745, 750 (C.A. Fed. 1990). The court finds that all of the evidence regarding the permits presented by the Plaintiff shows there may be a issue as to that fact, but the court is not ready to find it is a material fact without first addressing the "no damage for delay" clause issues.

Plaintiff also argues that many of the provisions in the subcontracts are unenforceable because they are not found in the proposals. The court disagrees because, "[g]enerally, a price quotation or *proposal is not* an offer, but is an invitation to enter into negotiations or a preliminary solicitation of an offer." *Master Palletizer Systems, Inc. v. T.S. Ragsdale Co., Inc.*, 725 F.Supp. 1525, 1531 (D.Colo.1989). Here, the court finds that the proposals were preliminary negotiations not binding contracts thus, they were preliminary solicitations of an offer. Furthermore, the court finds that "the execution of a contract in writing . . . supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." *See* 18

GCA § 86107. Therefore, the subcontracts superseded the proposals and the terms of the subcontracts are binding upon the Plaintiff and J&B.

Furthermore, the court recognizes that either J&B or the Plaintiff may have been responsible for obtaining the permits, but the evidence shows that J&B were the ones that were obtaining them throughout the entirety of the project. The Plaintiff makes no allegations that the permits were either not received on time or the cause for the delays. Instead, Plaintiff alleges that the delays were due to the subsurface conditions being materially different from those represented to it by J&B. Thus, even if J&B was responsible for obtaining the permits, there are no genuine issues as to any material fact regarding the permits because there are no allegations that J&B did not act in accordance with the normal permit procurement processes.

**"No Damage For Delay" Provisions**

As to the claim for declaratory relief concerning the "no damage for delay" provisions, Plaintiff's complaint states, a dispute arose between the parties over the fact that the subcontracts contained a provision that no extended overhead or standby costs shall be awarded/granted as a result of delays from the Civil work. Plaintiff maintains that the subsurface conditions encountered during the course of the project differed materially from those represented to them, which resulted in major changes made to the location and scope of Plaintiff's work and which required new permits to be obtained. Plaintiff argues that this caused unreasonable and unanticipated delays, which costs approximately 44% overrun in expenses. On the other hand, J&B argue that the provisions in both the subcontracts and the prime contracts concerning delay costs are clear and unambiguous and that contracts should be enforced.

A clause which exculpates a contractee from liability to a contractor for damages resulting from delays in the performance of the latter's work is valid and enforceable and is not contrary to public policy if the clause and the contract of which it is a part satisfy the requirements for the

validity of contracts generally. *Corinno Civetta Construction Corp. v. City of New York,* 502 N.Y.S.2d 681, 685 (1986). The rule is not without its exceptions, however, and even exculpatory language which purports to preclude damages for *all* delays resulting from *any* cause whatsoever are not read literally. Generally, even with such a clause, damages may be recovered for (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract. *Id.* at 685-86 (citations omitted).

As stated in the previous section, the subcontracts are valid agreements between the parties. Thus, the no damage for delay provisions in the contracts are enforceable as a matter of law, and the only way for damages to possibly be recovered by the Plaintiff is if they have sufficiently alleged one of the above mentioned exceptions. In the instant case, Plaintiff has failed to sufficiently allege any one of the four exceptions. They have not alleged any bad faith, willful, malicious, or grossly negligent conduct on behalf of J&B.

They do argue that the above mentioned delays were uncontemplated. The court disagrees because both subcontracts provide that Plaintiff would provide construction survey, staking and Ground Penetration Radar in order to trace the location of the existing underground utilities. Furthermore, the subcontracts provide, "the subcontractor has examined the site on which the work is to be performed and is fully familiar with the physical conditions." Thus, the court finds that Plaintiff knew or should have known that it was there responsibility to determine the correct location of the underground lines. The fact that they may not have exercised due care does not give them a valid reason to argue for uncontemplated delays.

Plaintiff also argues that the delays were unreasonable. Once again, the court disagrees because the Plaintiff may not have exercised due care in determining the correct location of the

underground lines. The Plaintiff had a clear duty to examine the site on which the work was to be performed and become fully familiar with the physical conditions. Furthermore, the exception defines the delay as "intentional abandonment". The projects were completed and there are no allegations that J&B did anything to cause so unreasonable a delay that they constitute an intentional abandonment of the contract . Therefore, because the Plaintiff may not have exercised due care and because the projects were completed they cannot argue unreasonable delays.

Lastly, the Plaintiff has not alleged delays resulting from the contractee's breach of a fundamental obligation of the contract. As a result, the court finds that Plaintiff has failed to sufficiently allege any one of the above mentioned exceptions.

## CONCLUSION

Based on the foregoing, the court finds that the "no damage for delay" clauses in the subcontracts exculpates J&B from liability to Plaintiff for damages resulting from delays in the performance of the latter's work. Therefore, there is no genuine issue as to any material fact because Plaintiff has failed to prove they can recover any cost resulting from the delays alleged in their complaint. Thus, the court finds that Plaintiff has failed to assert an essential element of their case rendering all other allegations, including the permit issue, immaterial. For these reasons, the court hereby GRANTS the Defendants' motion for summary judgment.

SO ORDERED, this _10_ day of _Feb_ 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the fore...
is a full true and correct copy of th...
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

FEB 1 0 2012

_____
James R. Borja
Deputy Clerk, Superior Court of Guam